BERRY, Plaintiffs, v. YOUNG, Admr., Bureau of Workmen's Compensation et, Defendants.

Common Pleas Court, Franklin County.

No. 204402. Decided March 10, 1961.

Mr. Keith McNamara, for plaintiffs.

Mr. Mark McElroy, attorney general, Mr. William T. Carpenter and Mr. Thomas J. Zuber, assistant attorneys general, for defendant administrator, Bureau of Workmen's Compensation.

LEACH, J. This case is before the Court on the demurrer of the Administrator of the Bureau of Workmen's Compensation to the Second Amended Petition on the ground that the Court does not have jurisdiction of the subject of this action.

It appears from the Second Amended Petition herein that this claim was allowed as a death claim by the Industrial Commission which found that the plaintiffs, the parents of the decedent, were partially dependent upon the decedent to the extent of $2000.00. It further appears from the Second Amended Petition that the plaintiffs thereafter filed an application asserting that they were wholly and totally dependent upon the decedent, which motion was denied.

Prior to October 5, 1955, at the time of the enactment of Section 4123.519, Revised Code, it is clear that this Court would not have had jurisdiction as to such an appeal. Section 4123.51, Revised Code, and its predecessor Section 1465-90, General Code, provided for an appeal to the Common Pleas Court in cases where a claim was denied on the grounds that the claimant was not legally or actually dependent upon the decedent. The extent of dependency, whether partial or total, in the event *some* dependency was recognized and the claim allowed for such, was not included within the limited grounds for appeal to a Common Pleas Court.

Section 4123.519, Revised Code, in force and effect since October 5, 1955, has radically amended the grounds for appeal to this Court. This statute provides that an appeal may be taken from any decision of the Industrial Commission "in any injury case, other than a decision as to the extent of disability."

In the briefs of counsel herein, it seems to be assumed that this is an "injury case" and we will make the same assumption. This assumption is apparently predicated on the proposition that the words "injury case" are employed in contradistinction to an "occupational disease," and that the right of appeal thereby provided, includes death claims for benefits where the death arose from injury and not occupational disease.

It is clear, of course, that the appeal herein is not from a decision "as to the extent of disability." Thus the literal

language of Section 4123.519, Revised Code, at least if considered alone, would clearly authorize such appeal.

However, it is contended on behalf of the Administrator that under the provisions of Section 1465-82, General Code, a determination as to the extent of dependency of a claimant for death benefits, is an issue exclusively for the Industrial Commission to determine and not an issue which could be determined upon appeal in the Common Pleas Court.

While the language of Section 4123.519, Revised Code, makes the provisions of this statute applicable to pending proceedings, the substantive rights of the plaintiffs herein are controlled by Section 1465-82, General Code, as it existed at the time of decedent's death on December 8, 1952. This statute read, in part, as follows:

"In case the injury causes death within the period of two years, * * * the benefits shall be in the amount and to the persons following:

"* * *

"2. If there are wholly dependent persons at the time of the death, the payment shall be sixty-six and two-thirds percent of the average weekly wages, not to exceed thirty two dollars and twenty cents per week in any case, and to continue for the remainder of the period between the date of the death and eight years after the date of the injury, and not to amount to less than a minimum of two thousand dollars or more than a maximum of nine thousand dollars, including the compensation paid to the deceased employee prior to death and benefits paid to the beneficiaries after death; * * *

"3. If there are partly dependent persons at the time of the death the payment shall be sixty-six and two-thirds percent of the average weekly wages, not to exceed thirty two dollars and twenty cents per week in any case, and to continue for all or such portion of the period of eight years after the date of the injury, as the commission in each case may determine, and not to amount to more than a maximum of nine thousand dollars.

"4. The following persons shall be presumed to be wholly dependent for the support upon a deceased employee:

"(A) A wife upon a husband with whom she lives at the time of his death.

"* * *

"(C) It shall be presumed that there is sufficient dependency to entitle a surviving natural parent or surviving natural parents (share and share alike) with whom decedent was living at the time of his death, to a total minimum award of one thousand dollars.

"(D)

"* * *

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee * * *. The aggregate of compensation paid to a decedent prior to his death and of all benefits paid to such a decedent's dependents after his death shall not exceed nine thousand dollars except as provided under paragraph 2 hereof, and the commission shall have final discretion to award death benefits solely to those who are wholly dependent or to apportion such benefits among wholly dependent persons and other dependent persons as the commission may deem equitable in the circumstances of each particular case."

Does the language of Section 1465-82, General Code, give to the Industrial Commission final discretion as to its determination of whether a claimant is only partially dependent and not totally dependent? This is the crux of the question here raised.

It is asserted on behalf of the administrator that this statute does so provide, and being specific in this regard, must be given full force and effect as a matter of statutory interpretation over the general language of Section 4123.519, Revised Code, which seemingly would otherwise authorize such an appeal.

Reference is made to the language in the latter part of Section 1465-82, General Code, that the "commission should have final discretion to award death benefits solely to those who are wholly dependent or to apportion such benefits among wholly dependent persons and other dependent persons as the commission may deem equitable in the circumstances of each particular case." In our opinion, counsel for the administrator mistakenly read this language as though it stated that "the commission shall have final discretion to award death benefits as the commission may deem equitable in the circumstances in each par-

ticular case," omitting the language "solely to those who are wholly dependent or to apportion such benefits among wholly dependent persons and other dependent persons." As this branch of this court held in *Hill* v. *Young*, No. 204,952, in our decision of October 14, 1959, this language has no application since it deals with a situation where at least one person has been found to be wholly dependent and, in effect, permits the total award to go solely to those wholly dependent or to be apportioned among wholly dependent and partially dependent persons. That is not the situation here involved. In other words, if the commission found that both Mr. Berry and Mrs. Berry, the plaintiffs herein, were wholly dependent, it could apportion the award between the two in any way it saw fit and in such event its apportionment could not be appealed to this court despite the language of Section 4123.519, Revised Code.

From an examination of Par. 3 of Section 1465-82, General Code, we think it also clear that in the event a claim for partial dependency be recognized and no claim of total dependency is made, a claimant cannot under the provisions of Section 4123.-519, Revised Code, appeal to this court for any increase in the dependency allowance. Here the commission obviously is given a discretion, as to partly dependent persons, to provide payment "for all or such *portion* of the period of eight years after date of injury, as the commission in each case may determine."

Is the commission given this same discretion in the event that there are wholly dependent persons? From a careful examination of Par. 2 of Section 1465-82, General Code, we conclude that it is not. Note here the absence of the words "or such portion of the period of eight years after the date of the injury" contained in Par. 3 as to partly dependent persons. Under Par. 2, dealing with wholly dependent persons, "the payment *shall* be sixty-two and two-thirds percent of the average weekly wage, not to exceed $32.20 per week in any case, and to continue for the remainder of the period between the date of the death and eight years after the date of the injury." While later language in this paragraph provides that the award shall not amount to less than a minimum of $2000.00 or more than a maximum of $9000.00, including the compensation paid to the deceased employe prior to death and benefits paid to the

beneficiaries after death, the reference to $2000.00 as a minimum is to cover a situation where the average weekly wage would not be sufficient to otherwise pay at least $2000.00 or where the remainder of the period between the death and eight years after the injury would not be sufficient to permit such a payment. As we read and understand the statute, if a finding be made that a claimant is a wholly dependent person and if the average weekly wage is sufficient and the time left between the date of death and eight years after the date of injury be sufficient to permit a payment of $9000.00, a mandatory duty would exist to pay such.

In this connection we recognize that in the per curiam opinion in *Nelson* v. *Industrial Commission*, 133 Ohio St., 548, it was stated that,

"Under the statute the commission may exercise its discretion as to the total amount of the award, the minimum award being $2000 and the maximum $6500."

However, from an examination of the issue actually decided by the Court in the *Nelson case*, it would appear that any broad construction of this language as constituting a judicial holding that in all cases of total dependency, a discretion was vested in the commission, would not be justified. In that case a payment of two-thirds of the average weekly wage from the date of death until eight years after the date of injury, would not have amounted to $2000. The question there involved was whether the sum of $1,271.52 paid to the decedent during his lifetime should be deducted from the minimum award of $2000. The Court held that it should be.

Having concluded that the language of Par. 2 as to wholly dependent persons, does not authorize a total award to such persons of less than $9000 in the event that the average weekly wage of the decedent is sufficiently high to otherwise provide for such payment and in the event that there is sufficient time between the date of death and 8 years after the date of injury to permit such payment, we cannot agree that the provisions of Section 1465-82, General Code, contain language making the determination as to the "extent of dependency" a matter exclusively within the discretion of the Industrial Commission in all cases.

As heretofore noted, this would be true as to matters of apportionment of a total award among wholly or partially dependent persons and would also be true as to the duration of the award as to partially dependent persons.

We, of course, are not concerned with the wisdom of permitting an appeal to this court in a case where the commission finds that a claimant is partially dependent, but not wholly dependent, and denying an appeal where the commission found a very low degree of partial dependency and a claim is made of a very high degree of partial dependency but no claim is made as to total dependency. The issues of partial dependency and total dependency overlap to such an extent that, especially when considered with no definition of "wholly dependent" in the statute, a determination of this issue would present complex trial problems. However, we can only interpret the statute or statutes from the language actually employed. We think it fundamental that the broad language of Section 4123.-519, Revised Code, should not be limited by legislative inference from the language of some other statute unless the two cannot be reconciled. We find nothing in the provision of Section 1465-82, General Code, which would thus limit the broad provisions of Section 4123.519, Revised Code, in this type of appeal.

At the time that Judge Marshall of this court previously sustained a demurrer to a prior petition, such petition did not allege that the plaintiffs were wholly dependent upon the decedent for support nor did it allege that any such claim had ever been made before the Industrial Commission and rejected. Thus, in our opinion, the second amended petition is distinguishable from the amended petition considered by Judge Marshall.

While the opinion of Judge Reynolds in *Hill* v. *Young*, No. 204,952, may be distinguished on the basis that that case also involved the right of the administrator sua sponte to vacate and modify a previous order finding the claimants to be wholly dependent, we do not find that he predicated his opinion *entirely* on such basis. Instead, he also held that an appeal did lie to this court where a claim for total dependency had been made and rejected by the commission and partial dependency **recognized and allowed.**

Counsel for the administrator rely in large part on the case of *Posey* v. *Ford Motor Co.*, No. 36150, Supreme Court of Ohio. It is asserted that in the *Posey case* the issue presented was substantially identical, that the Common Pleas Court of Cuyahoga County sustained a demurrer to the petition, that such was affirmed by the court of appeals, and that the Supreme Court denied a motion to certify.

We have read the briefs in the *Posey case* on file in the office of the Clerk of the Supreme Court. In that case no written opinion was rendered by either the Common Pleas Court or the Court of Appeals. However, as pointed out in the briefs on behalf of the appellee therein, the petition in such case did not at any time allege that the plaintiff was wholly dependent upon the decedent for support, nor did it allege that any such claim had ever been made to the Industrial Commission and rejected. The brief of the appellee gave considerable emphasis to such fact and asserted therefore, that the issue attempted to be raised by the appellant, that is, whether an appeal would lie to a Common Pleas Court where a claimant asserted total dependency and where the case was allowed only for partial dependency was appealable, was not actually presented in such case. In our opinion, the *Posey case*, based upon the actual allegations of the petition to which a demurrer was sustained, is identical to the petition which was before Judge Marshall. With the additional language in the second amended petition alleging that a claim for a total dependency was made to the Commission and denied, and alleging that the plaintiffs are claiming total dependency, we conclude that an entirely different question is presented.

In conclusion, we are of the opinion that the provisions of Section 4123.519, Revised Code, authorizes this appeal to this court and that there is no language in Section 1465-82, General Code, which, either by its specific terms or necessary inference, would preclude such appeal.

The demurrer of the Administrator is overruled. Entry may be prepared accordingly, reserving exceptions.